### In re WOODS.

District Court, S. D. New York.
June 19, 1933.

House, Grossman & Vorhaus, of New York City (Louis J. Vorhaus, Alfred Beekman, and Joseph Fischer, all of New York City, of counsel), for bankrupt.

Glass & Lynch, of New York City (Leslie Kirsch, of New York City, of counsel), for objecting creditor.

PATTERSON, District Judge.

The bankrupt applied for discharge. The objecting creditor filed three specifications in opposition, each of which was sustained by the special master.

■ The first specification is that the bankrupt obtained an extension of credit upon a false financial statement in writing. It is claimed that a renewal note for $27,500 dated February 3, 1931, was accepted in reliance on a false financial statement. The facts are that the bankrupt, a theatrical producer, owed $35,000 to the Sterling National Bank on a promissory note that matured on January 22, 1931. At maturity he sent the bank $2,500 and a four-month note for $32,500. The bank took the cash, but declined the four-month note. It asked for a financial statement and took meanwhile a ten-day note. The statement furnished by the bankrupt the bank found unsatisfactory. It applied the bankrupt's deposit in the amount of $5,-000 against the ten-day note. At this point the bankrupt's attorney interceded for him with the bank, explained items on the financial statement, and offered in the bankrupt's behalf to transfer his assets as collateral security for this and other debts if an extension could be arranged. The president of the bank said that he was impressed with the offer, and would take the matter of an extension up with the directors. The ten-day note was about to mature, and it was arranged that the bankrupt would give his demand note for the $27,500 still owing, pending the bank's determination whether it

would give the extension upon the terms offered. The bankrupt on February 3, 1931, accordingly gave a demand note for $27,-500. A few days later the bank decided definitely not to extend the indebtedness, and advised the bankrupt's attorney to this effect. The following month it sought to commence suit on the demand note.

In my opinion the bank did not extend credit to the bankrupt upon the faith of the financial statement. The ten-day note was not taken in reliance on the statement; that note was received before the statement had been examined. Nor was the later demand note of February 3d taken in reliance on the statement. The bank had already indicated its dissatisfaction with the statement, and it took the demand note only as a provisional measure while it was considering the proposal made for collateral security. Within a few days it rejected that proposal and demanded payment. Whether or not the statement was a false one, there was no credit extended on the faith of it, and the first specification fails.

■ The second specification contains the charge that the bankrupt transferred property in fraud of creditors within twelve months of bankruptcy. For some years he had owned all the stock in an Illinois corporation that had a leasehold on a theatre and hotel in Chicago. A second mortgage on the leasehold in the amount of $150,000 was held by Lee Shubert and J. J. Shubert. By June, 1931, a bill to foreclose the first mortgage had been filed. On June 11, 1931, the bankrupt transferred all his stock to the Shuberts under the terms of a written agreement whereby they undertook that, if they should purchase the leasehold on foreclosure sale, the bankrupt would have the right to purchase it from them at the same price at any time within six months. It is the transfer of this stock that is said to be in fraud of creditors; the bankrupt having been insolvent at the time.

The transfer was for a valuable consideration, and might have worked out to the bankrupt's advantage. It has all the features of a valid business transaction, and was fraudulent neither in fact nor in law. See Devorkin v. Security Bank & Trust Co. (C. C. A.) 243 F. 171. The specification has not been sustained.

The third specification is that the bankrupt failed to explain satisfactorily the loss of assets. The two assets concerned were scenery and fixtures. In my opinion, the bankrupt gave an explanation of these loss-

es which was not impeached, and the matter forms no basis for denial of discharge.

None of the three specifications has been sustained, and the bankrupt is entitled to a discharge.